UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONY G. HEWITT, ) | |
| ) | 3:11-cv-00598-RCJ-VPC |
| Plaintiff, ) | |
| ) | |
| v.  ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| ADAM LUIS, *et al.,*  ) | |
| ) | |
| Defendants. ) | July 2, 2013 |

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for a show cause hearing for retaliatory acts against plaintiff (#30).[1] Defendants opposed (#31) and plaintiff replied. The court has thoroughly reviewed the record and recommends that plaintiff's motion for a show cause hearing (#30) be denied.

### I.  HISTORY & PROCEDURAL BACKGROUND

Plaintiff Tony G. Hewitt ("plaintiff"), a *pro se* inmate, is currently incarcerated at Northern Nevada Correctional Center ("NNCC") in the custody of the Nevada Department of Corrections ("NDOC") (#8, p. 1). On January 26, 2012, plaintiff filed a first amended complaint (#8) alleging that prison officials were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment (count I); and refused to accommodate his disability, in violation of the

---

[1] Refers to the court's docket numbers.

-1-

Americans with Disabilities Act ("ADA") (count II). *Id.* at 4-5. Specifically, plaintiff alleged the following:

Count I

On August 3, 2011, Correctional Officer Adam Luis entered plaintiff's cell and confiscated his walking cane (#8, p. 4). Nurse Sheila Barth had previously authorized the cane, and plaintiff showed defendant Luis the written authorization. *Id.* Plaintiff told defendant Luis that without his cane, he was "unable to get around or walk without extreme pain or falling." *Id.* However, defendant Luis confiscated the cane, on orders from defendant Peery. *Id.* Consequently, plaintiff endured severe pain, and fell when trying to use the toilet, suffering a back, leg and head injury. *Id.*

Count II

On August 3, 5, and 12, 2011, plaintiff requested his cane, a wheelchair or a handicapped accessible cell. *Id.* at 5. Plaintiff alleges that his disabilities are well-documented (kidney pain, exhaustion, dizziness, back pain, a fractured tailbone, deteriorated discs, sciatica and left leg numbness), and that he is unable to walk on his own. *Id.* Plaintiff asserts that defendants' failure to provide him with ambulatory aid denied him "the benefits of medical service and accommodations to use medical devices for disabilities." *Id.*

The court screened plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A, and allowed plaintiff's Eighth Amendment claim to proceed against defendants Adam Luis and John Peery, and plaintiff's ADA claim to proceed against defendants Adam Luis, John Peery and Adam Watson (#12, p. 5). On January 29, 2013, defendants filed a motion for summary judgment (#26). On July 2, 2013, this court recommended that defendants' motion for summary judgment be granted, as there are no genuine issues of material fact for trial (#34).

Prior to the court's recommendation, on March 8, 2013, plaintiff filed his motion for a show cause hearing (#30). In the motion, plaintiff alleges that he has suffered unspecified retaliation which has "resulted in plaintiff being illegally imprisoned longer than his sentence . . .." *Id.* at 1. In his reply memorandum, plaintiff alleges that defendants have harassed him for filing grievances and complaints (#32, p. 5). Specifically, plaintiff alleges that on October 2, 2012, Correctional Officers Hinnant and Miller told him that he had been sexually assaulted by a prison official, and that they were transferring him to a segregation unit for his protection. *Id.* at 8. Plaintiff alleges that he told the correctional officers that he had not been sexually assaulted. *Id.* Nonetheless, Wardens Baca, Walsh and Schreckengost ordered the correctional officers to take plaintiff to NNCC's infirmary for a medical evaluation. *Id.* Thereafter, plaintiff was forced to endure a medical and psychological evaluation. *Id.* at 8-9. In addition, plaintiff alleges that defendant Luis broke his fan. *Id.* at 9. Finally, plaintiff alleges that Warden Walsh and Caseworker Moyle promised plaintiff that they would restore his good time credits lost as the result of a fabricated notice of charges. *Id.* at 10. However, they neglected to restore these good time credits. *Id.*

Plaintiff asks the court for a hearing and an order restraining defendants and their co-workers from further retaliation (#32, p. 2). The court construes plaintiff's motion for a show cause hearing as a motion for a temporary restraining order, based on the relief sought.

Defendants oppose plaintiff's motion on the grounds that: (1) plaintiff has not established a relationship between the alleged injuries for which he seeks injunctive relief and the conduct alleged in the complaint; (2) plaintiff cannot circumvent NDOC's grievance process to seek judicial relief from events that are not part of plaintiff's claims in the underlying lawsuit; (3) plaintiff is not likely to suffer irreparable harm if his requested injunctive relief is denied; (4) granting injunctive relief

would significantly interfere with NDOC's internal operations; and (5) an injunction is not in the public's interest (#31, pp. 3-4).

The court notes that plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Legal Standards

#### 1. Temporary Restraining Order

A temporary restraining order is available when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction. *See* Fed.R.Civ.P. 65(b); 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2951 (2d ed. 1995). Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. of California v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977); *Los Angeles Unified Sch. Dist. v. U.S. Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981).

#### 2. Preliminary Injunction

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Its sole purpose is to preserve the status quo ante litem (the status that existed before the lawsuit) pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009); 11A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 2947 (2d ed. 1995) ("[A] preliminary injunction . . . is issued to protect the plaintiff from irreparable

injury and to preserve the court's power to render a meaningful decision after a trial on the merits."). A plaintiff seeking a preliminary injunction must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  In every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  *Winter*, 555 U.S. at 24 (citation omitted).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought.  The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[when] a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction."  *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984).  Thus, an award of mandatory preliminary relief should not be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result.  *See Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979).  "[I]n doubtful cases" a mandatory injunction will not issue.  *Id.*

Finally, the Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.  The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, section 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

**B.     Analysis**

The court finds that plaintiff seeks to enjoin conduct which is unrelated to his underlying lawsuit. The Supreme Court has found that a preliminary injunction is appropriate to grant relief of the "same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945). A court may not issue an injunction in "a matter lying wholly outside the issues in the suit." *Id.* Although the Ninth Circuit has not addressed this issue directly, other circuits have repeatedly held that a plaintiff seeking injunctive relief must show "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010) (no preliminary injunction where motion for relief was based on facts and circumstances entirely different from initial claim); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (same).

Courts use injunctive relief to address issues related to the underlying violations presented in the complaint. In plaintiff's first amended complaint, he alleges that defendants Luis and Peery confiscated his cane, in violation of the Eighth Amendment and the ADA (#8, pp. 4-5). In plaintiff's motion for a show cause hearing, on the other hand, plaintiff alleges that prison officials sent him to NNCC's infirmary against his will to undergo a sexual assault evaluation, even though plaintiff had

not been sexually assaulted (#32, pp. 8-9). Plaintiff also alleges that defendant Luis broke his fan, and that other prison officials neglected to restore his good time credits after false disciplinary proceedings were instituted against him. *Id.* at 9-10.

The court finds that the factual allegations in plaintiff's motion for a show cause hearing are unrelated to the factual allegations in plaintiff's first amended complaint. Plaintiff makes no showing that the prison officials' decision to send him to NNCC's infirmary for a sexual assault evaluation is in any way connected to the confiscation of his cane. Plaintiff also makes no attempt to illustrate how a broken fan or the loss of good time credits is in any way related to his Eighth Amendment or ADA claims. New, unrelated complaints are properly lodged using the prison grievance system, and if they remain unresolved, by filing a new action.

The court does not have jurisdiction to decide plaintiff's motion for a show cause hearing, as plaintiff requests relief from conduct which is unrelated to the present lawsuit. Due to this procedural deficiency, the court will not undertake a full analysis of plaintiff's request for injunctive relief. However, to the extent that any of plaintiff's allegations may be related to his underlying complaint, the court finds that plaintiff cannot meet the standard for injunctive relief, as plaintiff is not likely to succeed on the merits of either his Eighth Amendment or ADA claims.

On July 2, 2013, the court recommended that defendants' motion for summary judgment (#26) be granted, as there were no genuine issues of material fact for trial (#34). Accordingly, the court recommends that plaintiff's motion for a show cause hearing (#30) be denied.[2]

---

[2] On June 26, 2013, plaintiff filed a notice of change of address (#33). Plaintiff listed a Reno address for his new address, which indicates to the court that plaintiff has been released from prison. Accordingly, plaintiff's requested relief and his motion for a show cause hearing is now also moot.

### III.  CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that the allegations in plaintiff's motion for a show cause hearing (#30) are unrelated to the allegations in plaintiff's first amended complaint (#8).  Further, the court concludes that plaintiff cannot demonstrate that he is likely to succeed on the merits of either his Eighth Amendment or ADA claims.  Therefore, the court recommends that plaintiff's motion for a show cause hearing (#30) be **DENIED**.  The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for a show cause hearing (#30) be **DENIED**.

**DATED:** July 2, 2013.

_____
**UNITED STATES MAGISTRATE JUDGE**